**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIMAS de la CRUZ-SEGURA,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, *et al.*,<br>Respondents. | Case No. 1:26-cv-06061 JLT CDB (HC)<br>A Number: 222-567-111<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Doc. 6) |

Dimas de la Cruz-Segura is an immigration detainee proceeding by counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition and order Respondents to provide Petitioner with a bond hearing. (Doc. 6.) The Court served the findings and recommendations on all parties and notified them that any objections were due within seven days. (*Id*. at 2.) The Court advised them that "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On August 24, 2026, Petitioner filed timely objections in which he argues he is entitled to immediate release instead of a bond hearing. (Doc. 7.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of the case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes that the findings and recommendations is supported by the record and proper analysis. This Court has ruled on numerous occasions that a bond hearing under 8 U.S.C. § 1226(a) is the appropriate remedy for an individual who has never been encountered by immigration officials prior to the challenged detention. *See, e.g., Perez Perez v. Warden, California City Corr. Ctr.*, No. 2:26-CV-01027-JLT-FJS, 2026 WL 1146073, at *2 (E.D. Cal. Apr. 28, 2026) ("Seeing as no Immigration Judge or other immigration official has ever considered whether he may be released—because he was not encountered at the time he entered the country—a bond hearing is the appropriate remedy.").

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 20, 2026 (Doc. 6) are **ADOPTED IN FULL**
2. The petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.
3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered by a neutral decisionmaker such that continuing physical custody is legally justified. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
4. **<u>At least 72 hours before</u>** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
6. The Clerk of Court is directed to serve a copy of this order on the California City Immigration Processing Center, California City, California.
7. The Clerk of Court is directed to **CLOSE THE CASE** and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 1, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE